0326

3𝓁5



PODER JUDICIAL DE LA FEDERACIÓN

**163/2014 Declaración Preparatoria**
**DECLARACION PREPARATORIA.**

En la ciudad de Hermosillo, Sonora, a las **doce horas con cinco minutos del veintiuno de noviembre de dos mil catorce**, se abre la audiencia pública de declaración preparatoria, con la presencia del licenciado **Erick Bustamante Espinoza**, juez Décimo de Distrito en el Estado de Sonora, ante la licenciada **Nadia Guadalupe Pérez Herrera**, secretaria con quien actúa y da fe; la agente del Ministerio Público de la Federación, licenciada **Aracely Escalante Rodríguez** y el defensor Público Federal, licenciado **Jesús Ángel León Otero**; como está ordenado en el auto que antecede, previa excarcelación en las instalaciones del **Centro Federal de Readaptación Social número Once "CPS SONORA"**, se hizo comparecer ante la presencia judicial al indiciado **Jesús Raúl Beltrán León, alias "CHUY RAÚL"**, a fin de tomarle su declaración preparatoria, en cumplimiento a lo establecido por los artículos 20 constitucional (anterior a la reforma publicada en el Diario Oficial de la Federación el dieciocho de junio de dos mil ocho) y 154 del Código Federal de Procedimientos Penales.

El señor juez, pidió al indiciado proporcione su nombre, a lo que respondió: que su nombre correcto lo es **Jesús Raúl Beltrán León, alias "CHUY RAÚL"**.

Acto seguido, el señor juez le hizo saber que tiene derecho a defenderse por sí o por persona de su confianza, bajo el entendido de que si no tiene a quien nombrar, podrá designar al defensor Público Federal adscrito al Juzgado, quien por encontrarse remunerado por el Estado no devengará honorarios a su cargo, y en caso de no querer hacer ninguna designación, se le nombrará como defensor a la Público Federal adscrito.

Acto continuo, se le pregunta al inculpado a quién designa para que lo represente en la presente causa, a lo que manifestó que nombra como su abogado al defensor Público Federal adscrito a este Juzgado, al que autoriza para que en su nombre y representación oiga y reciba notificaciones, aún las de carácter personal, quien se encuentra presente y en este acto acepta y protesta el cargo conferido y señala como domicilio para oír y recibir notificaciones el cubículo de la Defensoría Pública Federal, ubicado en la planta baja del edificio que ocupa este Juzgado.

Acto continuo, la secretaria pregunta al inculpado a quién

1

designa para que lo represente en la presente causa, a lo que manifestó que nombra como su defensor al público federal adscrito a este juzgado, a quien autorizan para que en su nombre y representación oiga y reciba notificaciones, aún las de carácter personal, quien se encuentra presente y en este acto acepta y protesta el cargo conferido y señala como domicilio para oír y recibir notificaciones el cubículo de la Defensoría Pública Federal ubicada en la planta baja del edificio que ocupa este Juzgado.

A continuación, se le hace saber que **NO** tiene derecho a obtener su libertad provisional bajo caución, de acuerdo al artículo 20, (anterior a la reforma publicada en el Diario Oficial de la Federación el dieciocho de junio de dos mil ocho), Apartado A, fracción I, de la Constitución Política de los Estados Unidos Mexicanos y el precepto 399, del Código Federal de Procedimientos Penales, toda vez que los delitos por los cuales se le consigna son considerados como graves en el numeral 194, del código adjetivo de la materia, en relación con el artículo 413, del Código Penal Federal.

Igualmente, se le entera de todas las siguientes garantías que le otorga el artículo 20, de la Constitución Política de los Estados Unidos Mexicanos anterior a la reforma publicada en el Diario Oficial de la Federación el dieciocho de junio de dos mil ocho; que se le recibirán todos los testigos y pruebas que ofrezca, en los términos legales, ayudándole para obtener la comparecencia de las personas cuyo testimonio solicite, siempre y cuando estén domiciliados en el lugar del juicio; de igual manera, siempre que lo solicite, será careado en presencia del juez con quienes depongan en su contra; **así como que será sentenciado antes de un año, dado que los delitos por los que se ejerció acción penal en su contra, tienen establecida penas de prisión mayor de dos años**; le serán facilitados todos los datos que solicite para su defensa y que consten en el proceso; que en ningún caso podrá prolongarse la prisión o detención por falta de pago de honorarios a defensores o por cualquier otra prestación de dinero, que derive de responsabilidad civil o algún otro motivo análogo; que tampoco podrá prolongarse por más tiempo del que como máximo fije la ley que motiva el proceso; que en toda pena de prisión que se imponga en sentencia, se computará el tiempo de la detención; que no podrá ser compelido a declarar en su contra y se le respetará su voluntad de mantenerse callado.

Asimismo, nuevamente en este acto se hace del conocimiento al inculpado que tiene derecho a recibir la visita de los funcionarios

2

0327
326



PODER JUDICIAL DE LA FEDERACIÓN

FORMA

**163/2014 Declaración Preparatoria**

consulares de Los Estados Unidos de América, a mantener comunicación con éstos, a conversar, y en su caso, organizar su defensa, razón por lo cual se le pregunta al indiciado si es o no su voluntad que esté presente en la misma el representante de la embajada de su país, expresando que no desea y que se continué por el momento con dicha diligencia, sin la presencia de su representante consular y que se lleve a cabo con la presencia del defensor Público Federal adscrito.

Asimismo, se hace saber al inculpado el motivo de su comparecencia; en que consiste la acusación, así como los nombres de sus acusadores y de los testigos que declaran en su contra; haciéndole de su conocimiento que se le consigna por los siguientes delitos: **A) CONTRA LA SALUD, EN LA MODALIDAD DE POSESIÓN CON FINES DE COMERCIO DEL ESTUPEFACIENTE DENOMINADO CLORHIDRATO DE COCAÍNA Y DEL PSICOTRÓPICO DENOMINADO CLORHIDRATO DE METANFETAMINA**, previsto y sancionado en el artículo 195 primer y tercer párrafo, del Código Penal Federal, en relación con los numerales 193, párrafos primero y segundo y 194, fracción I, del mismo ordenamiento antes invocado, en concordancia con los diversos 234, 235, 237 y 245, de la Ley General de Salud; cometido en términos de los diversos 7°, párrafo primero (hipótesis de acto) fracción II (continúo o permanente), 8° (hipótesis de acción dolosa), 9° párrafo primero (hipótesis de obra dolosamente el que conociendo los elementos del tipo, quiere la realización del hecho descrito por la ley) y 13, fracción II (los que lo realicen por sí), del Código Penal Federal.

**B) PORTACIÓN DE ARMAS DE FUEGO DE USO EXCLUSIVO DEL EJÉRCITO, ARMADA O FUERZA AÉREA**, previsto y sancionado en el artículo 83, fracciones II y III, agravado en el penúltimo párrafo de éste, en relación con el diverso 11, incisos a), b) y d), de la Ley Federal de Armas de Fuego y Explosivos; cometido en términos de los diversos 7° párrafo primero (hipótesis de acto) fracción II (continúo o permanente), 8° (hipótesis de acción dolosa), 9° párrafo primero (hipótesis de obra dolosamente el que conociendo los elementos del tipo, quiere la realización del hecho descrito por la ley) y 13 fracción II (los que lo realicen por sí), del Código Penal Federal.

**C) POSESIÓN DE CARTUCHOS RESERVADOS PARA ARMAS DE FUEGO DEL USO EXCLUSIVO DE EJERCITO,**

3

**ARMADA O FUERZA AÉREA MEXICANA**, previstos y sancionados en el artículo 83 Quat, fracciones I y II, en relación con el diverso 11, inciso f), ambos de la Ley Federal de Armas de Fuego y Explosivos, cometido en términos de los numerales 7°, párrafo primero (hipótesis de acto), fracción II (continúo o permanente), 8° (hipótesis de acción dolosa), 9°, párrafo primero (hipótesis de obra dolosamente el que conociendo los elementos del tipo, quiere la realización del hecho descrito por la ley), y 13, fracción II (los que lo realicen por sí), del Código Penal Federal; y se le da íntegra lectura de las constancias que integran la causa **163/2014**.

Por tal motivo, luego de dar íntegra lectura las constancias, el juez le explicó la naturaleza y el alcance legal de esta diligencia, preguntando al indiciado si es o no su voluntad declarar, a lo que contestó que: **Si desea declarar**; por tanto, se le exhorta para que se conduzca con verdad en cuanto a lo que va a manifestar en esta diligencia.

En esas condiciones, se procede a tomar sus datos generales de identificación, a lo que **Jesús Raúl Beltrán León, alias "CHUY RAÚL"**, manifestó: llamarse como ha quedado escrito, ser de nacionalidad americana, Torrance, California, apodo "Chuy Raúl", de treinta años de edad, fecha de nacimiento diez de diciembre de mil novecientos ochenta y tres, con domicilio actual en Calle Aguacate casa 1816, en la Colonia La Campiña, en Culiacán, Sinaloa, estado civil casado, no pertenece a ninguna tribu indígena, que habla y entiende suficientemente el idioma castellano, con estudios de Licenciatura en Administración de Empresas, sabe leer y escribir, de ocupación arrendatario, por lo cual percibe un ingreso aproximado de seis mil pesos mensuales aproximadamente, cuenta con cuatro dependientes económicos que son su esposa y tres hijos, ocasionalmente ingiere bebidas embriagantes, ocasionalmente fuma tabaco común y no es afecto al consumo de drogas, no ha sido procesado con anterioridad, el nombre de sus padres es Jesús Raúl Beltrán Uriarte y María Rosalina León Ríos, no cuenta con ninguna seña particular y al momento de su detención se encontraba en estado normal.

Seguidamente, en uso de la voz el indiciado, en relación con los hechos que dieron origen a la presente causa, previa lectura de las constancias que la integran, manifestó: "Reconozco como mías las firmas que aparecen al calce y al margen de mi declaración ministerial y sólo lo único que deseo precisar es que el día



0328



PODER JUDICIAL DE LA FEDERACIÓN

**163/2014 Declaración Preparatoria**

*de mi detención fue el día sábado quince de noviembre de dos mil catorce a la una de la mañana, dentro de mi domicilio ubicado Calle Aguacate casa 1816, en la Colonia La Campiña, en Culiacán, Sinaloa, en presencia de mi tía Lourdes León Ríos, mi esposa Brianda Lizbeth Félix Beltrán y mi hija de un año y tres meses Isabella Beltrán Félix, y deseo agregar que fui torturado y asfixiado por elementos de la marina, por ese motivo no declare en las instalaciones en SEIDO, ya que ahí me tuvieron intimidado por lo no quise declarar nada, ya no deseo hacer manifestación alguna, ni contestar pregunta alguna."*

**En este acto hago constar y certifico lo siguiente**: Se le aprecia a simple vista un hematoma de un tamaño aproximado de siete centímetros a la altura del abdomen del lado derecho, de color morado, y en las dos piernas a la altura de la pantorrilla en las dos presente heridas punzantes de un centímetro dado que aduce que estuvo en una posición hincado y uno de los elementos me puso un pie sobre mi pierna y sentía como toques, lo cual se hace constar para los efectos legales conducentes.

Por lo anterior, de conformidad con lo establecido en el artículo 1° de la Constitución Política de los Estados Unidos Mexicanos, vigente a partir del once de junio de dos mil once, 22 de la Carta Magna, quinto de la Declaración Universal de los Derechos Humanos, siete del Pacto Internacional de Derechos Civiles y Políticos, 1,6 y 8 de la Convención Interamericana para Prevenir y Sancionar la Tortura y artículo 11 de la Ley Federal para Prevenir y Sancionar la Tortura, y con base en lo dispuesto por el numeral 21 de la Constitución Política de los Estados Unidos Mexicanos, **se ordena la práctica** de la **prueba pericial en materia de medicina**, **psicología**, y **de fotografía**, consistentes en que, previa valoración del indiciado **Jesús Raúl Beltrán León, alias "CHUY RAÚL"**, la afectación que en su caso presente por la supuesta tortura que refiere recibió de sus aprehensores, **y en su caso, la práctica de cualquier probanza que sea necesaria para el esclarecimiento de los hechos, a fin de que puedan valorarse al momento de resolver la situación del inculpado en comento**, para determinar si debe o no darse valor probatorio a su declaración rendida.

Por lo anterior, **gírese oficio telegráfico** a la **titular de la Coordinación General de Servicios Periciales, con residencia en México, Distrito Federal**, para que en auxilio de la justicia federal y

5

dentro del **término de cuarenta y ocho horas** siguientes a la recepción del mismo, a fin de que proporcione los datos de **tres peritos**, que reúnan las condiciones para dictaminar respectivamente sobre las pruebas periciales de que se trata, basadas en el **Protocolo de Estambul**, que deberán de practicarse al procesado en mención, en el entendido que dicha persona se encuentra recluida en el Centro Federal de Readaptación Social número Once, "CPS Sonora", con residencia en esta ciudad, y, el plazo constitucional para resolver la situación jurídica del indiciado de referencia, vence a las **diecinueve horas con treinta minutos del veintiséis de noviembre de dos mil catorce**; **APERCIBIDA** que de no hacerlo así, con fundamento en el artículo 44, fracción II, del código procesal de la materia, se hará acreedora a una **multa** por el equivalente a **treinta** días de salario mínimo general vigente en esta ciudad.

Apoya la anterior la determinación, la jurisprudencia sustentada por el Primer Tribunal Colegiado de Circuito del Centro Auxiliar de la Octava Región, publicado en el Semanario Judicial de la Federación y su Gaceta, Décima Época, Libro XI, Agosto 2012, Tomo 2, página 1107, que a la letra dice:

*"ACTOS DE TORTURA. CUANDO LOS ÓRGANOS JURISDICCIONALES, CON MOTIVO DE SUS FUNCIONES, TENGAN CONOCIMIENTO DE LA MANIFESTACIÓN DE UNA PERSONA QUE AFIRME HABERLOS SUFRIDO, OFICIOSAMENTE DEBERÁN DAR VISTA CON TAL AFIRMACIÓN A LA AUTORIDAD MINISTERIAL QUE DEBA INVESTIGAR ESE PROBABLE ILÍCITO.* El artículo 1o. de la Constitución Política de los Estados Unidos Mexicanos, vigente a partir del 11 de junio de 2011, establece que todas las autoridades del país, dentro del ámbito de sus competencias, tienen la obligación de promover, respetar, proteger y garantizar los derechos humanos contenidos en la Constitución Federal y en los instrumentos internacionales suscritos por el Estado Mexicano. Esa disposición también adopta el principio hermenéutico pro homine, según el cual, en la protección de los derechos humanos debe elegirse la interpretación más favorable para las personas. Por otro lado, los artículos 22 constitucional, 5 de la Declaración Universal de los Derechos Humanos y 7 del Pacto Internacional de Derechos Civiles y Políticos reconocen el derecho humano de toda persona a no sufrir actos de tortura. Además, este derecho fundamental fue garantizado por nuestro país al suscribir la Convención Interamericana para Prevenir y Sancionar la Tortura, de cuyos artículos 1, 6 y 8 se advierte que las personas que denuncien haber sido torturadas tienen derecho a que las autoridades intervengan inmediata y oficiosamente a fin de que su caso sea investigado y, de ser procedente, juzgado en el ámbito penal. Por su parte, el artículo 11 de la Ley Federal para Prevenir y Sancionar la Tortura establece que todo servidor público que en el ejercicio de sus funciones conozca de un posible hecho de tortura está obligado a denunciarlo de inmediato. Así, del análisis de los preceptos invocados se concluye: a) Las personas que denuncien actos de tortura tienen el derecho a que las autoridades intervengan

6



PODER JUDICIAL DE LA FEDERACIÓN

**163/2014 Declaración Preparatoria**

*de forma expedita para que su acusación sea investigada y, en su caso, examinada a través de un juicio penal; b) La obligación de proteger ese derecho recae en todas las autoridades del país (en el ámbito de sus competencias), y no sólo en aquellas que deban investigar o juzgar el caso; y c) Atento al principio interpretativo pro homine, para efectos del mencionado derecho, debe considerarse como denuncia de un acto de tortura a todo tipo de noticia o aviso que sobre ese hecho se formule ante cualquier autoridad con motivo de sus funciones. Consecuentemente, cuando los órganos jurisdiccionales, con motivo de sus funciones, tengan conocimiento de la manifestación de una persona que afirme haber sufrido tortura, oficiosamente deberán dar vista con tal afirmación a la autoridad ministerial que deba investigar ese probable ilícito."*

A continuación se le hizo saber al inculpado la facultad que le otorga el artículo 20, Apartado "A" fracción II, de la Constitución Política de los Estados Unidos Mexicanos, anterior a la reforma publicada en el Diario Oficial de la Federación el dieciocho de junio de dos mil ocho, en el sentido de contestar o no a las preguntas que le sean formuladas por las partes y enterado de lo anterior manifestó: **Que no es su deseo contestarlas**.

**Acto seguido, en uso de la voz el defensor Público Federal, manifestó:** Que en virtud de que mi defendido hace uso de su derecho de no declarar en términos de la fracción II, apartado A, del artículo 20 de la Constitución, me reservo el derecho de formular preguntas al indiciado y solicito la ampliación del plazo constitucional con fundamento en el artículo 161 del Código Federal de Procedimientos Penales, para estar en aptitud de ofrecer pruebas a favor de mi defenso, así como copia simple de todo lo actuado, previa copia que de su recibo quede en autos para constancia.

**A continuación, el indiciado manifestó**: Que se adhiere a la solicitud de su defensor en el sentido de que amplíe el plazo constitucional para ofrecer pruebas a su favor.

**Acto seguido, en uso de la voz que se concede a la fiscal de la federación manifiesta**: Que me reservo el derecho de interrogar al indiciado, pero deseo manifestar que solicito que al momento de resolver la situación jurídica del mismo se le dicte el auto de formal prisión, por los delitos y modalidades por los cuales se ejerció acción penal en su contra, ya que se encuentran reunidos y acreditados en su totalidad los elementos del cuerpo de los delitos, así como su probable responsabilidad en el delito que se le imputa, de acuerdo y con fundamento en los artículos 168 y 180 del Código Federal de Procedimientos Penales, en virtud de que se encuentran reunidos los requisitos del artículo 19 Constitucional, debiendo

7

tomarse en cuenta que para este tipo de resolución la ley no requiere la plenitud probatoria, si no los datos que hagan la probable responsabilidad como lo es en el presente caso.

**A lo anterior, el juez acuerda:** Vistas las manifestaciones del *abogado defensor* y de su defenso, con fundamento en el artículo 19 segundo párrafo de la Constitución Política de los Estados Unidos Mexicanos y el artículo 161 del Código Federal de Procedimientos Penales, se acuerda de conformidad la duplicidad del plazo constitucional solicitado por la defensa. Comuníquese lo anterior al centro Federal de Readaptación Social número once "CPS SONORA", para los efectos legales a que haya lugar. Certifique la secretaria el nuevo cómputo.

Asimismo, con fundamento en el artículo 25 del Código Federal de Procedimientos Penales, expídase a costa de la defensa las copias que solicita, previa toma de razón y recibo que de ello se deje en autos para constancia.

Por otra parte, téngase por hechas las manifestaciones vertidas por tanto por el defensor Público Federal, como por el fiscal federal, mismas que serán tomadas en consideración al momento de resolver la situación jurídica del indiciado en esta causa.

Acto seguido, en cumplimiento al auto de radicación se requiere en este acto al indiciado, a su defensor y al agente del Ministerio Público de la Federación, para que manifiesten en este acto o dentro de los tres días siguientes si tienen pruebas que ofrecer con relación a la droga afecta a la causa, **apercibidos** que de no hacer manifestación alguna, se procederá a su remisión a la autoridad sanitaria correspondiente a fin de que proceda a su destrucción o aprovechamiento lícito, de conformidad con lo dispuesto en el artículo 193, párrafo cuarto, del Código Penal Federal, previa muestra que se deje en este Juzgado.

**En uso de la voz el inculpado y su defensor manifestaron:** Que se reservan el derecho de ofrecer pruebas en relación con la droga afecta a la causa.

**Finalmente, la agente del Ministerio Público de la Federación manifestó:** Que no tiene pruebas que ofrecer con relación a la droga, por lo que no tiene inconveniente en que se remita a la autoridad sanitaria para cualquier efecto.

**Con lo anterior se da por terminada la presente diligencia, firmando para constancia los que en ella intervinieron por ante el personal actuante de este Juzgado que autoriza y da fe. Doy fe.**

8

· 0330

329

FORMA



PODER JUDICIAL DE LA FEDERACIÓN

Jct

163/2014 Declaración Preparatoria

**Indiciado**

Jesús Raúl Beltrán León, alias "CHUY RAÚL"

**Agente del Ministerio Publico de la Federación**

**Defensor Público Federal**

Lic. Aracely Escalante Rodríguez

Lic. Jesús Ángel León Otero

**Juez Décimo de Distrito en el Estado de Sonora**

**Secretaria**

Lic. Erick Bustamante Espinoza

Lic. Nadia Guadalupe Pérez Herrera

**NUEVO CÓMPUTO CONSTITUCIONAL.** El secretario certifica que el nuevo plazo para resolver la situación jurídica del inculpado **Jesús Raúl Beltrán León, alias "CHUY RAÚL"**, vence a las **diecinueve horas con treinta minutos del veintiséis de noviembre de dos mil catorce. Doy fe.**

9