UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 09 CR 383 |
| vs. | ) | Judge Ruben Castillo |
| | ) | |
| JESUS RAUL BELTRAN LEON | ) | |

**DEFENDANT'S PLEA DECLARATION**

1. The defendant, JESUS RAUL BELTRAN LEON, after consultation with his attorneys, STEPHEN G. RALLS, BEAU BRINDLEY, and PATRICK W. BLEGEN, acknowledges and states the following:

**CHARGES IN THIS CASE**

2. The Ninth Superseding Indictment in this case charges defendant with conspiracy to knowingly and intentionally possess with the intent to distribute and distributing five kilograms or more of cocaine, one kilogram or more of heroin, 500 grams or more of methamphetamine, and 1,000 kilograms or more of marijuana, in violation of 21 U.S.C. § 846 (Count One); conspiracy to knowingly and intentionally import into the customs territory of the United States, and into the United States, from a place outside the United States, and to manufacture and deliver knowing it would be unlawfully imported into the United States, five kilograms or more of cocaine, one kilogram or more of heroin, 500 grams or more of methamphetamine, and 1,000 kilograms or more of marijuana, in violation of 21 U.S.C. § 963 (Count Two); and conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h) (Count Five).

3. Defendant has read the charges against him contained in the Ninth Superseding Indictment, and those charges have been fully explained to him by his attorneys.

4. Defendant fully understands the nature and elements of the crimes with which he has

1

been charged.

### Charge to Which Defendant is Pleading Guilty

5. Count One, which charges defendant with conspiracy to knowingly and intentionally possess with the intent to distribute and distributing five kilograms or more of cocaine, one kilogram or more of heroin, 500 grams or more of methamphetamine, and 1,000 kilograms or more of marijuana, in violation of 21 U.S.C. § 846.

### Factual Basis

6. Defendant will plead guilty because he is in fact guilty of the charge contained in Count One of the Ninth Superseding Indictment. In pleading guilty, defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt:

Defendant admits that he conspired to possess with the intent to distribute cocaine in excess of five kilograms as part of the conspiracy charged in the Ninth Superseding Indictment.

More specifically, and in support of a factual basis for his plea of guilty, Defendant admits that from June 8, 2013, through June 10, 2013, he agreed with codefendant Victor Manuel Felix Beltran to distribute 46 kilograms of cocaine in Los Angeles, California.

### Maximum Statutory Penalties

7. Defendant understands that the charge to which he is pleading guilty carries the following statutory penalties:

   a. The charge (Count One) to which Defendant is pleading guilty carries a maximum sentence of life imprisonment and a statutory mandatory minimum sentence of 10 years. Pursuant to Title 18, United States Code, Section 3561, defendant may not be sentenced to a term of probation on this count. The charges also carry a maximum fine of $10,000,000. Defendant further understands that the judge also may impose a term of supervised release of ~~not more than~~ at least [R.C.]

2

five years. *up to life.*

b. In accord with Title 18, United States Code, Section 3013, defendant will be assessed $100 on each charge to which he has pled guilty, in addition to any other penalty imposed.

### Sentencing Guidelines Calculations

8. Defendant understands that in imposing sentence the Court will be guided by the United States Sentencing Guidelines. Defendant understands that the Sentencing Guidelines are advisory, not mandatory, but that the Court must consider the Guidelines in determining a reasonable sentence.

9. The defendant's position on the Sentencing Guidelines is as follows:

a. Applicable Guidelines. The Sentencing Guidelines to be considered in this case are those in effect at the time of sentencing. The following statements regarding the calculation of the Sentencing Guidelines are based on the Guidelines Manual currently in effect, namely the November 2018 Guidelines Manual.

b. Offense Level Calculations.

i. Pending review of the government's version of the offense and the presentence investigation report, it is the defense's preliminary calculation that base offense level for the charge in Count One of the Indictment is level 32 pursuant to USSG § 2D1.1(a)(5) based on the 46 kilograms of cocaine admitted to in this plea. Defendant understands that the government will likely seek a higher base offense level and that the Court will make the ultimate determination.

ii. It the defense position that Defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct. A two-level reduction in the offense level is appropriate pursuant to Guideline §3E1.1(a)

3

      iii. In accord with Guideline §3E1.1(b), it is also the Defense position that Defendant has timely notified the government of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the Court to allocate its resources efficiently. Therefore, as provided by Guideline §3E1.1(b), if the Court determines the offense level to be 16 or greater prior to determining that defendant is entitled to a two-level reduction for acceptance of responsibility, the defendant anticipates that the government will move for an additional one- level reduction in the offense level.

   c. Criminal History Category. With regard to determining defendant's criminal history points and criminal history category, it is the defense position that Defendant's criminal history points equal zero and defendant's criminal history category is I.

   d. Anticipated Advisory Sentencing Guidelines Range.

Based on the above, the currently calculated offense level is 29, which, when combined with the anticipated criminal history category of I, results in an anticipated advisory Sentencing Guidelines range of 87-108 months' imprisonment, in addition to any supervised release and fine the Court may impose. Defendant also acknowledges that he is subject to a statutory minimum sentence of 10 years' imprisonment.

   e. Defendant and his attorneys acknowledge that the above Guideline calculations are preliminary in nature, and are non-binding calculations upon which he is not entitled to rely. Defendant understands that further review of the facts or applicable legal principles may lead the government or the defense to conclude that different or additional Guideline provisions apply in this case. Defendant understands that the Probation Office will conduct its own investigation and that the Court ultimately determines the facts and law relevant to sentencing, and that the Court's determinations govern the final Guideline calculation. Accordingly, the validity of

4

defendant's plea is not contingent upon the probation officer's or the Court's concurrence with the above calculations, and defendant shall not have a right to withdraw his plea on the basis of the Court's rejection of these calculations.

### **Waiver of Rights**

10. Defendant understands that by pleading guilty he surrenders certain rights, including the following:

    a. Trial rights. Defendant has the right to persist in a plea of not guilty to the charges against him, and if he does, he would have the right to a public and speedy trial.

        i. The trial could be either a jury trial or a trial by the judge sitting without a jury. However, in order that the trial be conducted by the judge sitting without a jury, defendant, the government, and the judge all must agree that the trial be conducted by the judge without a jury.

        ii. If the trial is a jury trial, the jury would be composed of twelve citizens from the district, selected at random. Defendant and his attorneys would participate in choosing the jury by requesting that the Court remove prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges.

        iii. If the trial is a jury trial, the jury would be instructed that defendant is presumed innocent, that the government has the burden of proving defendant guilty beyond a reasonable doubt, and that the jury could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt and that it was to consider each count of the indictment separately. The jury would have to agree unanimously as to each count before it could

return a verdict of guilty or not guilty as to that count.

    iv. If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, and considering each count separately, whether or not the judge was persuaded that the government had established defendant's guilt beyond a reasonable doubt.

    v. At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorneys would be able to cross- examine them.

    vi. At a trial, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court. A defendant is not required to present any evidence.

    vii. At a trial, defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

  c. Defendant understands that by pleading guilty he is waiving all the rights set forth in the prior paragraphs. Defendant's attorneys has explained those rights to him and the consequences of his waiver of those rights.

<b><u>Limitations and Consequences of this Plea Declaration</u></b>

11. Defendant understands that the United States Attorney's Office will fully apprize the District Court and the United States Probation Office of the nature, scope and extent of his conduct regarding the charges against him, and related matters, including all matters in aggravation and mitigation relevant to the issue of sentencing. Defendant further understands that he will be able to

6

contest the government assertions if he so chooses, and may present evidence in mitigation at the time of sentencing.

12. Defendant understands that the sentencing guidelines are no longer mandatory, and that this Court's decision as to what sentence constitutes a sentence "sufficient, but not greater than necessary" to comply with the purposes set forth in 18 U.S.C. §3553(a) may result in a sentence either within, greater, or less than the applicable sentencing guideline range. Defendant understands that the applicable sentencing guideline range is one factor, which this Court is required to take into consideration under 18 U.S.C. §3553(a)(4), along with the other required factors under §3553(a).

13. Should this Court refuse to accept Defendant's plea of guilty, this Plea Declaration shall become null and void and the defendant will not be bound thereto. It is the defense position that, should the Court decline to accept his plea, this Plea Declaration and the ensuing court proceedings are inadmissible in later court proceedings pursuant to Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410.

14. Defendant understands that at the time of sentencing, the government and the defendant will be free to make their respective recommendations to the Court regarding what they believe to be lawful and appropriate sentences. Defendant understands that the government is not in agreement with the Guideline calculations listed above and will likely argue that a higher Guidelines range applies to his sentence.

15. Defendant agrees that this Plea Declaration shall be filed and become part of the record of the case.

16. Defendant and his attorneys acknowledge that no threats, promises, or representations have been made, nor agreements reached, to induce him to plead guilty. Defendant further acknowledges that he has read this Plea Declaration and carefully reviewed each provision

with his attorneys.

Signed this date: 4/17/19

_____
JESUS RAUL BELTRAN LEON,
Defendant

_____
STEPHEN G. RALLS, /By PWB
Attorney for Defendant

_____
BEAU BRINDLEY, /By PWB
Attorney for Defendant

_____
PATRICK W. BLEGEN,
Attorney for Defendant

8